JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 4462

-------------------------------------------------------------------X

DAVID H. BROOKS,

                      *Plaintiff,*

      – against –

COHEN, JAYSON & FOSTER, P.A.,

                      *Defendant.*

-------------------------------------------------------------------X

Case No.:

RECEIVED
MAY 13 2008
U.S.D.C. S.D. N.Y.

**NOTICE OF REMOVAL**

**JURY TRIAL DEMANDED**

      **PLEASE TAKE NOTICE** that, on this date, Defendant COHEN, JAYSON & FOSTER,

P.A., by its counsel, has filed this Notice of Removal pursuant to 28 U.S.C. § 1446(a), in the Office

of the Clerk of the United States District Court for the Southern District of New York.

      Defendant Cohen, Jayson & Foster ("Defendant"), through its undersigned attorneys, shows:

      1.      Plaintiff David H. Brooks ("Plaintiff") brought an action in the Supreme Court of

New York State, New York County, filing a Summons and Complaint on May 12, 2008. A true

copy of the Summons and Complaint, Index No. 106542/2008, is annexed hereto as Exhibit A.

      2.      Defendant's attorneys, Judd Burstein, P.C., accepted service, via hand, of the

Summons and Complaint, on May 12, 2008.

      3.      To Defendant's knowledge, there have been no other proceedings in the above-

captioned action.

      4.      On information and belief, Plaintiff is a citizen of the State of New York, as identified

in the Complaint and prior pleadings in other cases, and resides at 200 East 64th Street, Apt. 19A,

New York, New York, 10065.

5.      Defendant is a professional association, with offices in the State of Florida, at 201 E. Kennedy Boulevard, Suite 1000, Tampa, Florida.  Defendant is deemed a citizen of Florida for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(10).

6.      The amount in controversy, as asserted by Plaintiff, is in excess of $75,000.

7.      This Court would have had original jurisdiction of the matter pursuant to 28 U.S.C. § 1332.

8.      This matter is therefore properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

9.      This notice is timely filed pursuant to 28 U.S.C. § 1446(b), as thirty days have not yet elapsed since the date upon which Plaintiff served a copy of the Summons and Complaint upon Defendant's attorneys, Judd Burstein, P.C.

**PLEASE TAKE FURTHER NOTICE** that Defendant, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the Southern District of New York, has also filed copies of the Notice with the Clerk of the Supreme Court of New York State, New York County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(a).

Dated: New York, New York
       May 13, 2008

Yours etc.,

JUDD BURSTEIN, P.C.

By:     Judd Burstein, Esq. (JB-9585)
        1790 Broadway, Suite 1501
        New York, New York 10019
        Tel:    (212) 974-2400
        Fax:    (212) 974-2944

2

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DAVID H. BROOKS,<br><br>         Plaintiff,<br><br>     -v-<br><br><br>COHEN, JAYSON & FOSTER, P.A.,<br><br><br><br>       Defendant. | **SUMMONS (CORRECTED)**<br><br>**Index No.** 106542/2008<br>**Date Purchased:**<br>Plaintiff designates New York County<br>as the place of trial.<br><br>The basis of venue is<br>Plaintiff's residence at<br>200 East 654th Street, Apt. 19A<br>New York, New York 10065 |

To the above named Defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

NEW YORK
COUNTY CLERKS OFFICE

MAY 12 2008

NOT COMPARED
WITH COPY FILE

LEGAL_US_E # 79343646.1
DRAFT

Plaintiff designates New York County as the place of trial. The basis of the venue designated is plaintiff's residence, which is located in the State of New York, County of New York.

Dated: New York, New York
       May 12, 2008

PAUL, HASTINGS, JANOFSKY
& WALKER LLP
Park Avenue Tower
75 East 55th St., First Floor
New York, New York 10022
(212) 318-6000

By: _____
    Kenneth M. Breen

- and -

STERN & KILCULLEN
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1900
Attorneys for Plaintiff, David H. Brooks

Summons filed May 12, 2008

TO:   Cohen, Jayson & Foster, P.A.
      201 E. Kennedy Boulevard, Suite 1000
      Tampa, Florida 33602

NEW YORK
COUNTY CLERK'S OFFICE

MAY 1 2 2008

-2-

NEW YORK
COUNTY CLERK'S OFFICE

MAY 1 2 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DAVID H. BROOKS,

Plaintiff,

-v-

COHEN, JAYSON & FOSTER, P.A.

Defendants.

---

Index No. 106542/2008

**COMPLAINT**

Plaintiff, David H. Brooks ("Plaintiff" or "Brooks"), as and for his Complaint against Defendant, Cohen, Jayson & Foster, P.A. ("Defendant"), respectfully alleges and avers as follows:

### Nature of the Action

1.     For a period of a few weeks in March 2008, Plaintiff discussed with Defendant law firm the possibility of retaining Defendant to represent Plaintiff in a very complex criminal matter pending in the United States District Court for the Eastern District of New York. Although Plaintiff understood that Defendant would have to evaluate the voluminous background and myriad of legal issues to decide the appropriate terms of representation in such a complex matter, at no time did Defendant present -- nor did Plaintiff ever execute -- a retention letter as required by 22 NYCRR 1215.1, nor did Plaintiff ever orally retain Defendant's legal services. Instead, after reviewing the matter over a few brief weeks, Defendant offered to represent Plaintiff for a flat fee of *$25 million*. While Plaintiff was considering those terms, Defendant made repeated requests for $100,000, as a "good faith" gesture. Plaintiff, feeling pressured, gave Defendant a check in the amount of $90,000 on March 18, 2008.

2.     Soon thereafter, however, on or about March 25, 2008, Plaintiff advised Defendant he was disinclined to retain Defendant's services, which Defendant acknowledged.

Despite this, on or about April 22, 2008, Defendant transmitted a non-itemized "quantum meruit" bill in the total amount of *$404,410.00*. Defendant has since threatened Plaintiff with suit to collect on this demand.

3.    This action therefore seeks declaratory relief: (a) putting Defendant to his proofs as required by the controlling decision in *Seth Rubenstein, P.C. v. Ganea*, 41 A.D.3d 54, 833 N.Y.S.2d 566 (N.Y.A.D. 2 Dept., 2007); (b) adjudging what amount, if any, is the fair and reasonable value of any services Defendant can demonstrate it provided to Plaintiff; (c) adjudging whether Plaintiff benefitted from any work Defendant may have performed; and (d) ordering disgorgement by Defendant of sums paid to it by Plaintiff to which it lacks any contractual or equitable entitlement.

### Jurisdictional Allegations

4.    Plaintiff resides at 200 East 64th Street, Apt. 19A, New York, New York 10065.

5.    On information and belief, Defendant is a Florida professional association with offices at 201 E. Kennedy Boulevard, Suite 1000, Tampa, Florida.

6.    This Court has jurisdiction over the parties pursuant to CPLR §§ 301 and 302.

7.    Venue is proper pursuant to CPLR § 503(a) in that Plaintiff resides in the County of New York, State of New York and all meetings between Plaintiff and Defendant took place at Plaintiff's residence.

8.    This Court has subject matter jurisdiction pursuant to Section 140-b of the Judiciary Law.

### Factual Allegations

9.    Plaintiff Brooks is the founder and former Chief Executive Officer of DHB Industries. On October 24, 2007, he was indicted on various charges by a grand jury in the United States Eastern District of New York, in the matter encaptioned: *United States of America v. Brooks, et al*, Cr. 06-550 (S-1) (JS) (E.D.N.Y.) (the "criminal matter").

10.    Looking for trial counsel to represent him, in early March 2008 Brooks agreed to meet with Barry A. Cohen ("Cohen"), a partner in Defendant law firm, to discuss the possibility

of retaining Defendant. Brooks and Cohen met for the first time on or about March 5, 2008. All meetings between Brooks and Cohen, and between Brooks and any other representatives of Defendant, took place at Brooks' residence in Manhattan.

11.    As the matter was highly complex, both factually and legally, Brooks agreed that Defendant would evaluate the relevant facts and law, in order to determine what would be appropriate terms for Defendant to represent Plaintiff through trial.  Brooks subsequently cooperated with Defendant's requests for information.  At no time did Cohen, or any other representative of Defendant, ever state or suggest that Brooks would be charged for the time spent by Defendant in conducting its evaluation.

12.    Within a week or two, Defendant offered to represent Brooks in the criminal matter for a flat fee of *$25 million*.  Brooks agreed to consider the request, but made no commitment.  Defendant then began pressing Brooks for $100,000, calling it a gesture of "good faith."  Brooks eventually succumbed to this pressure and, on or about March 22, 2008, gave Defendant a check in the amount of $90,000.

13.    On or about March 25, 2008, having decided that Cohen was not the right lawyer for him, Brooks advised Cohen that he was disinclined to retain Defendant law firm but still wanted to think about it.  Cohen acknowledged this.

14.    Brooks made no further communications to Plaintiff.  On or about April 22, 2008, Defendant transmitted to Brooks what purported to be a "quantum meruit" invoice in the amount of $404,410.00, from which was "credited" the $90,000 Defendant had earlier pressured Brooks to provide.

15.    The quantum meruit invoice was summary in fashion, offering only a total number of hours billed by each time keeper, for a grand total of *853.1 hours* for the three weeks during which Defendant was evaluating the case for the purpose of proposing a retainer agreement.

16.    Subsequently, Defendant threatened to bring suit on its quantum meruit claim if Brooks did not pay in full.

-3-

First Cause of Action
(Declaratory Relief)

17.    Plaintiff repeats and re-alleges each of the allegations set forth in the foregoing paragraphs as though set forth at length herein.

18.    There is an actual case and controversy, and the matter is ripe for adjudication, in that Defendant has asserted a quantum meruit claim against Plaintiff and threatened to bring suit on that claim, yet Plaintiff disputes the reasonableness of the claim and asserts that he received little or no benefit from any work Defendant may have performed.

WHEREFORE, Plaintiff, David H. Brooks, respectfully demands judgment in his favor and against Defendant Cohen, Jayson & Foster, P.A., as follows:

A.    Awarding declaratory relief:  (i) putting Defendant to his proofs as required by the controlling decision in *Seth Rubenstein, P.C. v. Ganea*, 41 A.D.3d 54, 833 N.Y.S.2d 566 (N.Y.A.D. 2 Dept., 2007); (b) adjudging what amount, if any, is the fair and reasonable value of any services Defendant can demonstrate it provided to Plaintiff; (c) adjudging whether Plaintiff benefitted from any work Defendant may have performed; and (d) ordering disgorgement by Defendant of sums paid to it by Plaintiff to which it lacks any contractual or equitable entitlement.

B.    Awarding Plaintiff costs of suit and reasonable attorneys' fees; and

-4-

C.      Awarding Plaintiff such other relief as the Court may deem just and proper.

> PAUL, HASTINGS, JANOFSKY
> & WALKER LLP
> Park Avenue Tower
> 75 East 55th St., First Floor
> New York, New York 10022
> (212) 318-6000
>
>
> By: _____
>         Kenneth M. Breen
>
>         - and -
>
> STERN & KILCULLEN
> 75 Livingston Avenue
> Roseland, New Jersey 07068
> (973) 535-1900
> Attorneys for Plaintiff, David H. Brooks

Dated: New York, New York
       May 12, 2008

NEW YORK
COUNTY CLERK'S OFFICE

MAY 12 2008

NOT COMPARED
WITH COPY FILE

-5-